# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.

_____

No. 3D24-344
Lower Tribunal No. 24-30525 CC
_____

**Roberto Somoza,**
Appellant,

vs.

**Ramon Lavado Martinez,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Lissette De La Rosa, Judge.

Wolfe Law Miami, P.A., and Richard C. Wolfe, for appellant.

Legal Armor the People's Law Firm, and Alian M. Perez, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

**ON CONFESSION OF ERROR**

Roberto Somoza ("Somoza") appeals an order granting Ramon Lavado Martinez's ("Martinez") verified emergency motion for temporary injunction. Based on Martinez's commendable and appropriate confession of error, we reverse the defective order under review, which lacks the requisite findings to justify entry of a temporary injunction, and remand for further proceedings. See Allied Universal Corp. v. Given, 223 So. 3d 1040, 1042 (Fla. 3d DCA 2017) ("To grant a temporary injunction, the moving party must plead and establish: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent; and (4) that the granting of a temporary injunction will not disserve the public interest."); Angelino v. Santa Barbara Enters., LLC, 2 So. 3d 1100, 1103 (Fla. 3d DCA 2009) ("The entry of a temporary injunction, however, will not stand unless the trial courts makes specific findings in support of each and every element required for the entry of the injunction. Florida Rule of Civil Procedure 1.610 sets forth the form and scope requirements for the entry of a temporary injunction. Every temporary injunction must specify the reasons for its entry, and it must describe in reasonable detail the act or acts to be restrained.").

Reversed and remanded for further proceedings.